IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Carter, *aka Charles E. Carter*, | ) C/A No. 2:12-1377-CMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| United States District Court, *Charleston*; | ) **RECOMMENDATION** |
| Judge Bruce Howe Hendricks; | ) |
| Judge Richard Mark Gergel; | ) |
| Clarendon County Sheriff's Dept.; | ) |
| Officer Barney Dozier, | ) |
| Defendants. | ) |

The plaintiff, Charles Edward Carter, ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that the United States District Court, *Charleston*; Judge Bruce Howe Hendricks; Judge Richard Mark Gergel; and the Clarendon County Sheriff's Dept. should be summarily dismissed.

**BACKGROUND**

Plaintiff is a resident of Manning, South Carolina. Manning is the county seat for Clarendon County (South Carolina), which is in the Charleston Division of the United States District Court for the District of South Carolina. 28 U.S.C. § 121(1). In the above-captioned case, Plaintiff has brought suit against the Charleston Division of this Court, a United States District Judge, a United States Magistrate Judge, the Clarendon County Sheriff's Department, and a law enforcement officer of the Clarendon County Sheriff's Department.

The law enforcement officer was the "lead" defendant in Plaintiff's prior case, Charles E. Carter v. Officer Barney Dozier, et al., Civil Action No. 2:10-2812-RMG-BHH, which was decided adversely to Plaintiff on May 4, 2012. In the above-captioned case, Plaintiff is challenging the judgment entered in Civil Action No. 2:10-2812-RMG-BHH. Plaintiff has paid the full filing fee of three hundred fifty dollars ($350). See Receipt No. SCX400007759 (D.S.C. May 24, 2012).

In his Complaint, Plaintiff alleges or contends: (1) Plaintiff filed proof of service upon the defendants in Civil Action No. 2:10-2812-RMG-BHH, but only the Clarendon County Fire Department responded to the Complaint; (2) the defendants in Civil Action No. 2:10-2812-RMG-BHH refused to accept pleadings from Plaintiff; (3) Plaintiff provided proof of service to Judge Gergel and Magistrate Judge Hendricks; (4) Ronald Stewart, whom Plaintiff served, was authorized to receive service on behalf of Barney Dozier and the Clarendon County Sheriff's Department; (5) Plaintiff does not know the address of Officer Barney Dozier or other personnel of the Clarendon County Sheriff's Department; and (6) Plaintiff was entitled to a default judgment in Civil Action No. 2:10-2812-RMG-BHH. In the above-captioned case, Plaintiff seeks damages of one million three thousand dollars ($1,003,000) from the Clarendon County Sheriff's Department and Officer Dozier, one million three thousand dollars ($1,003,000) from the United States District Court for discrimination against *pro se* litigants, and one billion dollars ($1,000,000,000) from the United States District Court for discrimination, defamation, and "ALLEVIATION FROM THE FRCP REGARDING SERVICE AGAINST PRO SE AND AFRICAN AMERICAN

PLAINTIFFS." Plaintiff also requests the relief originally sought in Civil Action No. 2:10-2812-RMG-BHH.[1]

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295-96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

---

[1] The court observes that the claims against Defendant Barney Dozier appear to be duplicative to those raised in Plaintiff's prior suit against Barney Dozier, Charles E. Carter v. Barney Dozier, Civil Action No. 2:10-2812-RMG-BHH, which was dismissed with prejudice on May 4, 2012. See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."). In this fee-paid case, however, *res judicata* must be raised as an affirmative defense.

a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  Even if this case is treated as a Bivens action,[2] a Bivens action may not be brought against departments or agencies of the United States, such as a United States District Court.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies).

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

Second, even if this case is treated as one brought under the Federal Tort Claims Act ("FTCA"), this Court is entitled to summary dismissal on the basis of sovereign immunity. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), *aff'd*, No. 01-7273, 46 F. App'x 212 (4th Cir. 2002).[3] As a result, this court is entitled to summary dismissal under the FTCA.

Since Judge Gergel and Magistrate Judge Hendricks were acting in their official capacities when they issued Orders and Reports and Recommendations in Plaintiff's prior case, they are immune from suit in the above-captioned civil rights action. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226, 231 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States

---

[3] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

Circuit Judges). Moreover, since Judge Gergel and Magistrate Judge Hendricks clearly had jurisdiction over Plaintiff's prior civil case under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), it is clear that they did not act "in the 'clear absence of all jurisdiction.'" Stump, 349 U.S. at 356-57, citing Bradley v. Fisher, 80 U.S. 335, 351 (1871).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. See S.C. Code Ann. § 23-13-550 (2008); S.C. Att'y Gen. Op. No. 47 (Jan. 22, 1975); S.C. Code Ann. § 23-13-10 (2008) (providing that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); see also Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 127 n.1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); Allen v. Fid. & Deposit Co., 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), aff'd, 694 F.2d 716 (4th Cir. 1982) (Table); Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages awarded to Plaintiff from the Clarendon County Sheriff's Department would be paid by the South Carolina State Insurance Reserve Fund. Comer, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Therefore Defendant Clarendon County Sheriff's Department is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). As an arm of the State, the Clarendon County Sheriff's Department is immune from suit under the Eleventh

Amendment to the United States Constitution. McCall v. Williams, 52 F. Supp. 2d 611, 623 (D.S.C. 1999) (holding that the county sheriff's department as an arm of the state is entitled to Eleventh Amendment immunity).

## RECOMMENDATION

Accordingly, the court recommends that Plaintiff's Complaint in the above-captioned case be summarily dismissed against Defendants United States District Court, *Charleston*; Judge Bruce Howe Hendricks; Judge Richard Mark Gergel; and the Clarendon County Sheriff's Dept. without prejudice and without issuance and service of process. The Complaint should be served as to Defendant Officer Barney Dozier.[4]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 13, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[4] In an order entered contemporaneously with this report and recommendation, this court authorizes issuance of a summons and service of process on Officer Barney Dozier.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).