IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles E. Carter, ) | C/A NO. 2:12-1377-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| United States District Court, Charleston; ) | |
| Judge Bruce Howe Hendricks; ) | |
| Judge Richard Mark Gergel; Clarendon ) | |
| County Sheriff's Dept.; Officer Barney ) | |
| Dozier, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 13, 2012, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process as to Defendants United States District Court, Charleston, Judge Bruce Howe Hendricks; Judge Richard Mark Gergel, and the Clarendon County Sheriff's Dept. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on July 30, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

1

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff argues that the Report errs in recommending the dismissal of these Defendants because "[i]t is the defendant and or their lawyer to file an answer or defense against an alleged allegation before . . . a Judge can decide who is and what is right in any case before it." Obj. at 2. However, Plaintiff's complaint is subject to review pursuant to the inherent authority of this court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the Court had "inherent

authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, 2004 WL 287678, *1 (S.D.N.Y. 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, 2000 WL 1597868 *2 (S.D.N.Y. 2000) (same).

This matter is dismissed without prejudice and without issuance and service of process on Defendants United States District Court, Charleston, Judge Bruce Howe Hendricks; Judge Richard Mark Gergel, and the Clarendon County Sheriff's Dept. This matter is returned to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 2, 2012

3