IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Charles Edward Carter, | ) | C/A No. 2:12-1377-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Officer Barney Dozier, | ) | |
| Defendant. | ) | |

This civil action is currently before the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation concerning the service of process for the named defendant. The plaintiff, Charles Edward Carter, who is self-represented, filed his Complaint in May 2012. (ECF No. 1.) On July 13, 2012, the court issued an order authorizing service on the above-listed defendant and directed the Clerk of Court to issue the summons and provide the plaintiff with the issued summons for service of process.[1] (ECF No. 19.) As directed by the court's order, the Clerk of Court issued summonses pursuant to Federal Rule of Civil Procedure 4(b). (ECF No. 20.) The plaintiff was specifically advised in the court's order that, pursuant to Federal Rule of Civil Procedure 4(m), he was responsible for service of process. (ECF No. 19 at 1-2.) The court also advised the plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m), service of process must be effected on the defendant within 120 days.

---

[1] The court contemporaneously issued a Report and Recommendation that recommended dismissal of the remaining defendants listed in the plaintiff's Complaint, which was adopted by Order issued August 24, 2012.

Page 1 of 4

The plaintiff filed proof of service on August 24, 2012 and attached copies of return receipts for certified mail. (ECF No. 28.) The plaintiff's proof of service also states that "I served the summons on Ronald Stewart, who is designated by law to accept service of process on behalf of Officer Barney Dozier." (Id. at 2.)

The plaintiff's filings fail to establish that Defendant Dozier has been properly served. Rule 4(e) of the Federal Rules of Civil Procedure governs service of individuals and states that

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). To the extent that the plaintiff attempted to effectuate service on the defendant pursuant to Rule 4(e)(2)(C), there is nothing in the record to indicate that Ronald W. Stewart is an agent authorized by appointment or by law to receive service of process for Defendant Dozier. Moreover, to the extent that the plaintiff seeks to serve Defendant Dozier pursuant to South Carolina law by attempting to serve the defendant by certified mail, his attempt fails. According to Rule 4(d)(8) of the South Carolina Rules of Civil Procedure, service of a summons and complaint may be made by "registered or certified mail, return receipt requested *and delivery restricted to the addressee*." S.C.R.C.P. 4(d)(8) (emphasis added). As evidenced by the plaintiff's proof of service, while the plaintiff sent the Summons and Complaint by certified mail addressed to Defendant

*PJG*

Dozier, he did not restrict delivery to the addressee. (See ECF No. 28-1 at 1.) Instead, the return receipt is signed by Ronald W. Stewart, who the plaintiff has not established is a proper agent authorized to accept service on behalf of Defendant Dozier. (Id.) Accordingly, the plaintiff's attempt to serve Defendant Dozier pursuant to South Carolina law fails, and it is presumed that Defendant Dozier has not been served with the Summons and Complaint.

The court issued an order to show cause on September 17, 2013. (ECF No. 29.) In its order, the court granted the plaintiff fourteen days to respond in writing and demonstrate good cause for his failure to effect service on the defendant in a timely manner. The court also specifically warned the plaintiff that if he failed to respond, this action would be recommended for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Notwithstanding the specific warning and instructions set forth in the court's order to show cause, the plaintiff failed to respond.

## RECOMMENDATION

Accordingly, the court recommends that this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 7, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).